UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

RICKY LEE BARTON,

    Petitioner,

v.

ERIC D. WILSON,

    Respondent.

Civil Action No. 10-349-HRW

**MEMORANDUM OPINION AND ORDER**

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Ricky Lee Barton,[1] an inmate proceeding without counsel, has petitioned the Court to issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 2] Having reviewed the petition,[2] the Court will deny it because Barton has not demonstrated that his remedy in the federal court where he was convicted was an inadequate or ineffective means to challenge his conviction and sentence, or that other grounds exist which entitle him to relief under Section 2241.

---

[1] Barton was confined in the United States Penitentiary - McCreary in Pine Knot, Kentucky when he filed his petition, but was later transferred to the federal penitentiary in Tucson, Arizona. Barton's transfer to confinement in another district does not deprive this Court of jurisdiction over his petition. *White v. Lamanna*, 42 F. App'x 670, 671 (6th Cir. 2002).

[2] The Court reviews habeas petitions filed under Section 2241 to determine whether the petition and its exhibits establish viable grounds for relief. 28 U.S.C. § 2243; Rule 4, Rules Governing 28 U.S.C. § 2254 Cases (applicable to Section 2241 petitions under Rule 1(b)); *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa.1979). If it appears from the face of the § 2241 petition that relief is not warranted, the Court may summarily deny the petition. *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

## BACKGROUND

In 2003, Barton was convicted by a jury of conspiracy to distribute narcotics in violation of 21 U.S.C. § 846 (Count One); possession with intent to distribute oxycodone and cocaine in violation of 21 U.S.C. § 841(a)(1)(Count Two); and possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) (Counts Three through Six). *United States v. Barton*, 1:02-cr-00080 (W.D. Va. 2002). Over Barton's objections, the district court imposed a four-level sentence enhancement under U.S. Sentencing Guidelines Manual (USSG) § 3B1.1(a) (2002), finding that Barton was a leader or organizer of a criminal activity involving five or more participants. The district court imposed a 1170-month prison term, consisting of concurrent 210-month terms on Counts One and Two, a consecutive sixty-month sentence on Count Three, and consecutive 300-month terms on Counts Four, Five, and Six.

On appeal, Barton alleged that (1) the jury was coerced by an instruction directing further deliberation when it returned without a unanimous jury verdict; (2) because he was convicted of only one substantive drug offense, he could not be convicted of multiple firearms counts; and (3) the district court erred in subjecting Barton to a leadership enhancement. The court of appeals rejected those arguments and affirmed the convictions and sentence. *United States v. Barton*, 116 F. App'x.

2

460, 464 (4th Cir. 2004).

Barton filed a petition for writ of *certiorari*, but in March 2005, while his petition was pending, he filed a motion to vacate his sentence under 28 U.S.C. § 2255, seeking re-sentencing under *United States v. Booker*, 543 U.S. 220 (2005).[3] On October 3, 2005, the Supreme Court vacated and remanded the case to the Fourth Circuit for further consideration in light of *Booker*. *Barton v. United States*, 546 U.S. 802 (2005). On October 25, 2005, the district court dismissed Barton's Section 2255 motion, finding that the Fourth Circuit's forthcoming decision on remand would render Barton's Section 2255 motion moot.

The court of appeals re-affirmed Barton's convictions, but pursuant to *Booker*, vacated his sentence and remanded to the district court for re-sentencing. *United States v. Barton*, 178 F. App'x 291(4th Cir. 2006). At re-sentencing, Barton argued that he was entitled to a lesser sentence because the multiple § 924(c) convictions violated the Double Jeopardy Clause. On August 14, 2006, the district court adopted the findings in the original presentence report as its findings of fact, imposed

---

[3] In *Booker* the Supreme Court held that federal criminal defendants have the right to have a jury determine any disputed fact which could increase the maximum punishment. 546 U.S. at 244-46. The Court held also that the Sentencing Guidelines are unconstitutional to the extent they require judges to base sentences on facts not found by the jury, but that judges may use them for advisory purposes. *Id.*

concurrent sixty-month sentences on Counts One and Two,[4] reimposed the statutorily-mandated minimum sentences under Section 924(c) for Counts Three through Six, and declined to address the firearms issue.

Barton appealed, but the Fourth Circuit again affirmed the sentence, finding that its prior decision rejecting Barton's challenge to his firearms conviction was the law of the case and that he could not re-litigate the issue in his appeal. *United States v. Barton*, 216 F. App'x 355, 356 (4th Cir. 2007).

In his petition, Barton alleges that he is actually innocent of the four Section 924(c) firearm offenses of which he was convicted, arguing that he was only charged with one underlying drug conspiracy. Barton asserts that at trial, witnesses testified that he accepted guns as payment for drugs as a part of "a continuing practice rather than four separate violations." [R. 2-1, p. 3]. Barton contends his consecutive sentences under Section 924(c) for multiple uses of a firearm to advance a single drug conspiracy violates the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution, and cites several appellate and Supreme Court decisions rendered in 1992 and 1994, which he claims stand for that proposition.

---

[4] The original concurrent sentences on these two counts had been two hundred and ten months.

## DISCUSSION

Barton is challenging his conviction on four counts of possession of a firearm in furtherance of a drug trafficking offense under 18 U.S.C.A. § 924(c) and his resulting consecutive sentences on those counts. Such claims must be brought under 28 U.S.C. § 2255, which provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). That section is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, No. 4:10-cv-00036, 2010 WL at 3283018 at * 6 (E.D. Tenn. August 17, 2010).

Section 2255(e) permits a defendant to collaterally attack his conviction pursuant to 28 U.S.C. § 2241, but only the mechanism provided by Section 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447; *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004). A federal prisoner may not challenge his conviction and sentence under Section 2241 "if it appears that the applicant has failed to apply for relief, by [Section 2255] motion, to the court which sentenced him, or that such court has denied relief." 28 U.S.C. § 2255(e). He must prove that his Section 2255 remedy is inadequate or ineffective to challenge the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin*

5

v. *Perez*, 319 F.3d 799 (6th Cir. 2003). The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner. *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999).

Barton has not met this burden. He alleges that his remedy under Section 2255 was inadequate and ineffective because he had only a sixth grade education and did not realize that the Section 2255 motion he filed in March 2005 was premature. However, Barton does not allege, and the district court record does not show, that after being re-sentenced in August 2006, he ever filed a later Section 2255 motion challenging his multiple Section 924(c) convictions under the Double Jeopardy Clause and/or the various cases he cites in his habeas petition.

It is true that a motion under Section 2255 is not considered "second or successive" unless a prior Section 2255 petition was adjudicated on the merits. *See Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998); *United States v. Deeb*, 944 F.2d 545 (9th Cir. 1991) (holding that a premature Section 2255 motion filed during the pendency of a direct appeal is ordinarily dismissed without prejudice), *cert. denied*, 503 U.S. 975 (1992). A motion under Section 2255 is not considered an adjudication on the merits for successive purposes if it was dismissed as premature. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-44 (1998). But this rule does not assist Barton because he never filed a renewed Section 2255 motion in the district

court after he was finally re-sentenced in August 2006. Because he failed to do so, Barton waived the double jeopardy claims he now asserts in his petition. When a prisoner has missed an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, his remedy under Section 2255 is not rendered "inadequate and ineffective." *Charles*, 180 F.3d 756-58; *Graham v. Sanders*, 77 F. App'x 799, 801 (6th Cir. 2003); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Neither unfamiliarity with the English language nor lack of education excuse a prisoner from filing a timely Section 2255 motion in the sentencing court. *Soler v. Martinez*, 435 F. App'x 69, 70 (3rd Cir. 2011).

Further, even if Barton had filed a subsequent Section 2255 motion challenging his multiple Section 924(c) convictions after being re-sentenced in August 2006, and if the district court had denied that motion, Barton does not allege, and the district court docket sheet does not show, that he ever sought the Fourth Circuit's permission to file a successive Section 2255 motion pursuant to 28 U.S.C. § 2255(h).[5]

The remedy under Section 2255 is not rendered inadequate or ineffective simply because the petitioner has already been denied relief under Section 2255, the

---

[5] Given that on direct appeal the Fourth Circuit twice upheld Barton's multiple convictions under Section 924(c) based upon only one predicate drug offense, it is unlikely that the Fourth Circuit would have permitted Barton to file a successive Section 2255 motion challenging his Section 924(c) convictions on the same grounds. Regardless, Barton did not seek the Fourth Circuit's permission to file a successive Section 2255 after he was re-sentenced on August 14, 2006.

petitioner has been denied permission to file a second or successive motion to vacate, the petitioner is procedurally barred from pursuing relief under section 2255, or the petitioner has allowed the one-year statute of limitations to expire. *See Charles*, 180 F.3d at 756–58; *Spearman v. Wilson*, 2012 WL 1293698, at *2 (6th Cir. April 17, 2012). In sum, Barton's failure to seek relief under Section 2255 at the conclusion of the appeal and re-sentencing proceedings does not render his remedy under Section 2255 inadequate or ineffective as a means to challenge his multiple Section 924(c) firearm convictions.

The only claim that this Court could recognize as inadequate or ineffective under Section 2255 is one based on a showing of actual innocence. *Charles*, 180 F.3d at 756. Barton's claim that he is actually innocent of the multiple Section 924(c) offenses of which he was convicted fails because on direct appeal, the Fourth Circuit determined that Barton's conviction for only one substantive drug offense did not preclude his convictions on multiple counts of using a firearm in furtherance of the drug offense under Section 924(c). *United States v. Barton*, 116 F. App'x at 463, *vacated*, *Barton v. United States*, 546 U.S. 802. On remand from the Supreme Court, the Fourth Circuit noted that Barton had again argued that his four Section 924(c) convictions were erroneous because he had been charged with only one predicate drug offense, but the court rejected the argument ". . . for the reasons stated in our

8

original opinion." *United States v. Barton*, 178 F. App'x at 292.

A federal court in a post-conviction proceeding can rely on the factual conclusions made by an appellate court in the same case. *Smith v. Snyder*, 22 F. App'x 552, 553 (6th Cir. 2001); *Myers v. United States*, 198 F.3d 615, 619 (6th Cir. 1999). Based on the Fourth Circuit's findings on this issue on direct appeal, Barton can not demonstrate that he is "actually innocent" of the four firearm offenses of which he was convicted under Section 924(c).

Further, Barton can not establish actual innocence of the Section 924(c) offenses because he cites no retroactively applicable Supreme Court decision which would afford him relief. An actual innocence claim must be based on a new rule of law made retroactively applicable by the Supreme Court, such as the holding in *Bailey v. United States*, 516 U.S. 137 (1985). *Charles*, 180 F.3d at 755-57; *Wooten v. Cauley*, 2012 WL 1216288, at *3 (6th Cir. April 12, 2012); *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001).

Finally, to the extent that Barton challenges any aspect of his sentence, such as the four-level sentence enhancement under the Sentencing Guidelines for being a leader or organizer of a criminal activity involving five or more participants, or the imposition of consecutive sentences under Section 924(c), the savings clause does not assist him. Federal courts have not extended the reach of the savings clause to

9

those petitioners challenging only their sentence. *United States v. Poole*, 531 F .3d 263, 267 n.7 (4th Cir. 2008); *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *Talbott v. Holencik*, No. 08-619, 2009 WL 322107, at *6-7 (C.D. Cal. Feb. 5, 2009) ("Under the savings clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed.").

Under Section 2241, a petitioner must demonstrate that he is actually innocent of the underlying offense, not of a mere sentencing factor, *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001), and this Court has consistently followed that rule. *See Walker v. Hogsten*, No. 6:10-cv-276-ART (E.D. Ky. 2010) (slip op. of May 31, 2011) (citing *Peterman*, 249 F.3d at 462); *Johnson v. Cauley*, No. 09-CV-52-HRW (E.D. Ky. 2009) *aff'd*, No. 09-5991 (6th Cir. July 9, 2010); *Dismuke v. United States*, 2010 WL 2859079, at * 4 (E. D. Ky., July 19, 2010).

As the savings clause of Section 2255 does not apply, and Barton can not show that he is actually innocent of the multiple Section 924(c) offenses of which he was convicted, his petition will be denied, and this action will be dismissed.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Ricky Lee Barton's 28 U.S.C. § 2241 petition for writ of habeas corpus,

[R. 2], is **DENIED**;

(2)   This action will be **DISMISSED**, *sua sponte*, from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named respondent; and

(3)   The Clerk of the Court shall send a copy of this Memorandum, Opinion and Order, and attached Judgment, to Barton at the address listed below:

>   Ricky Lee Barton
>   BOP Register No. 07113-084
>   USP-Tucson
>   U.S. Penitentiary
>   Federal Satellite Low
>   P.O. Box 24549
>   Tucson, Arizona 85734

This 8th day of May, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge